## No. 13,347.

### BLANCHE DAVID, WIFE, vs. LUDGER DAVID, HUSBAND.

#### SYLLABUS.

Where, in a suit for divorce, an error occurs in the petition, in the Christian name of a person with whom the defendant is said to have committed adultery, and it appears that the individual intended to be described is examined

as a witness, in his proper name, by consent of the parties, with permission of the court, and without objection, but, by reason of a failure, thereafter, to try the case, as originally contemplated, such testimony becomes unavailable, an amendment, correcting the error in the name as it appears in the pleadings, is properly allowed, in order that such witness may again testify for the purposes of the trial, which takes place at a later date.

APPEAL from the Nineteenth Judicial District, Parish of St. Martin—*Voorhies, J.*

*Edward Simon* and *Charles H. Mouton* for Plaintiff, Appellant:

*L. O. Hacker* for Defendant, Appellee.

The opinion of the court was delivered by

MONROE, J. Plaintiff sues her husband for separation from bed and board, upon the ground that he has publicly defamed her character, and prays that she be awarded the custody of her minor children, allowed alimony *pendente lite,* and be granted an injunction to restrain the defendant from depriving her of the community property.

Defendant denies the charges brought against him, and alleges that, upon the other hand, he has been treated most cruelly by the plaintiff; that she has beaten him, and has threatened, and attempted to take, his life; that she has committed adultery at various times, and with sundry persons, specified and named in the answer, and that, about three years ago, he was obliged to leave the common domicile and has not since returned, though he has continued to provide for his family. He prays that plaintiff's demand be rejected, and that he be granted a final divorce and awarded the custody of his children.

It appears that, in order, as far as possible, to avoid publicity, the parties litigant originally agreed, the permission of the court being obtained, that the testimony should be taken in chambers, and the case tried before the judge. And, agreeably to this understanding, the main testimony on behalf of the plaintiff was taken, and nearly all on behalf of the defendant, when the further taking of testimony was interrupted, and, thereafter, the plaintiff, through her counsel, withdrew her consent to that mode of trial, and moved that the case be tried before a jury, and it was so ordered. There was a verdict and judgment for the defendant, and the plaintiff has appealed.

The reading of the testimony which we find in the record is neither pleasant nor morally edifying, and no good purpose would be subserved by recapitulating, or analyzing it, in detail. It appears that the defendant is not a man of strong character, but that he has been a kind and considerate husband and father and has suffered much at the hands of his wife. He had good reason for believing that she was misconducting herself, and the course which suggested itself to him was to speak to her mother and step-father on the subject, and to endeavor to prevent men whom he suspected of violating the sanctity of his home from visiting it. He was, however, unsuccessful in his attempts to put a stop to the evil, and finally abandoned the home, from which he was unable to exclude it, although continuing to live in the neighborhood and provide for its maintenance. The evidence convinces us, as it convinced the jurors before whom the case was tried, that the plaintiff had been guilty of the offence charged against her.

The testimony of the witness, Homer Derouen, we think was properly admitted. He had given practically the same testimony, when examined outside of the court, perhaps a month before he was called upon to testify in the presence of the jury, and it was made apparent at that time, that his name had been improperly written "Aunel Derouen", instead of "Homer Derouen", in the answer. This error was explained by the affidavit of the defendant's counsel and its correction was properly allowed. The plaintiff could not have been surprised.

Judgment affirmed.

Rehearing refused.